IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ROBERT LEE THOMAS, JR.                                                          PETITIONER


v.                              NO. 5:12CV00331 BSM/HDY


RAY HOBBS, Director of the                                                      RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION

#### INSTRUCTIONS

      The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, Arkansas 72201-3325

RECOMMENDATION

The record reflects that petitioner Robert Lee Thomas, Jr., ("Thomas") was convicted in an Arkansas state trial court of possession of firearms by certain persons and theft by receiving. For his conviction of possession of firearms by certain persons, he was sentenced as an habitual offender to 360 months in the custody of respondent Ray Hobbs ("Hobbs"), the Director of the Arkansas Department of Correction ("ADC").

Thomas appealed his convictions to the Arkansas Court of Appeals. He maintained on appeal that the trial court erred in denying his "motion to suppress evidence obtained from his car," see Thomas v. State, 2011 Ark. App. 637, — S.W.3d —, 2011 WL 5080357 at 1 (Ark.App. 2011), and erred in denying his motion to dismiss the theft by receiving charge. The state Court of Appeals affirmed in part and reversed and dismissed in part. The state Court of Appeals affirmed Thomas' conviction of "being a felon in possession of a firearm without addressing the merits of his argument concerning the denial of the motion to suppress evidence." See Id. at 4. The state Court of Appeals reversed and dismissed, though, his conviction of theft by receiving. In reversing and dismissing the count, the state Court of Appeals noted that "Thomas was a felon who could not legally possess a gun." See Id. at 4. In a dissenting opinion, an appellate court judge additionally noted the following: "Thomas [is] a five-time convicted felon who [is] prohibited from possessing a firearm, and his past convictions include[] aggravated assault and felony possession of a firearm ..." See Id. at 6.

Thomas did not thereafter commence any post-conviction proceedings in the state courts of Arkansas or otherwise mount a collateral attack on his lone remaining conviction, a failure he blames on his attorney. Instead, he filed the petition at bar pursuant to 28 U.S.C. 2254.

Thomas maintained in his petition that his sentence for his conviction of possession of firearms by certain persons is in violation of the Sixth and Fourteenth Amendments because the sentence exceeds the statutory maximum. He maintained that he was sentenced pursuant Ark. Code Ann. 5-73-103(c)(1), a Class B felony, but his conduct did not satisfy the requirements of that paragraph; he maintained that his conduct satisfied the requirements of Ark. Code Ann. 5-73-103(c)(2), a Class D felony.

Hobbs thereafter filed a response to Thomas' petition. Hobbs maintained in the response that Thomas' petition should be dismissed because his lone claim is procedurally barred from federal court review or, alternatively, is without merit.

Thomas submitted a reply and used it as an occasion to address Hobbs' assertion of procedural bar and his assertion that the claim has no merit. Thomas implicitly acknowledged that he never presented his claim to the state courts of Arkansas but nevertheless maintained his trial attorney's incompetence excuses his failure. With regard to the merits of his claim, he maintained that the State of Arkansas failed to prove his conduct satisfied the requirements of Ark. Code Ann. 5-73-103(c)(1). He maintained that the convictions offered to justify a sentence under that paragraph were either simple parole violations or there was no evidence to support the convictions.

In the typical case, the undersigned would first address the procedural bar question advanced by Hobbs. Having reviewed the parties' pleadings and exhibits, though, the undersigned finds it best in this instance to address the merits of Thomas' claim first.

Possession of firearms by certain persons is codified at Ark. Code Ann. 5-73-103. Paragraph (a)(1) of the statute provides that "no person shall possess or own any firearm who has been ... [c]onvicted of a felony ..." Paragraph (c) of the statute provides, in full, the following:

> (1) A person who violates this section commits a Class B felony if:
>
> (A) The person has a prior violent felony conviction;
>
> (B) The person's current possession of a firearm involves the commission of another crime; or
>
> (C) The person has been previously convicted under this section or a similar provision from another jurisdiction.
>
> (2) A person who violates this section commits a Class D felony if he or she has been previously convicted of a felony and his or her present conduct or the prior felony conviction does not fall within subdivision (c)(1) of this section.
>
> (3) Otherwise, the person commits a Class A misdemeanor.

The phrase "violent felony conviction" used in Ark. Code Ann. 5-73-103(c)(1)(A) is defined by Arkansas statute. It is defined as "a conviction for any felony offense against the person which is codified in ... 5-13-201 et seq. ..." See Ark. Code Ann. 5-73-101(10).

Thomas' conduct falls squarely within the contours of Ark. Code Ann. 5-73-103(c)(1) for at least two reasons. First, as noted above, Ark. Code Ann. 5-73-103(c)(1)(A) provides that a person who violates the statute commits a Class B felony if the person has a prior "violent felony conviction." Thomas submitted a copy of his ADC Time Computation Card in connection with the petition at bar, and it reflects that he has a prior conviction of aggravated assault. See Document 1 at 24.[1] In fact, he has two prior convictions of aggravated assault. A conviction of aggravated assault is a "violent felony conviction" because the offense is codified in 5-13-201 et seq., specifically, at Ark. Code Ann. 5-13-204. Thus, his conduct satisfies Ark. Code Ann. 5-73-103(c)(1)(A).

Second, as noted above, Ark. Code Ann. 5-73-103(c)(1)(C) provides that a person who violates the statute commits a Class B felony if the person "has been previously convicted under this section ..." The ADC Time Computation Card reflects that Thomas has previously been convicted of possession of firearms by certain persons. Thus, his conduct also satisfies Ark. Code Ann. 5-73-103(c)(1)(C).

Thomas' conduct falls squarely within the contours of Ark. Code Ann. 5-73-103(c)(1). His sentence for a Class B felony was therefore proper, and his sentence of 360 months as an habitual offender does not run afoul of the statute governing the sentencing of habitual offenders. See Ark. Code Ann. 5-4-501(a)(2)(C) (for conviction of Class B felony, maximum sentence is thirty years).

---

[1] Thomas does not dispute that the Time Computation Card is correct, and the undersigned knows of no reason to doubt its accuracy.

Given the foregoing, the undersigned finds no merit to Thomas' lone claim. His petition should therefore be dismissed. All requested relief should be denied, a certificate of appealability should be denied in accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, and judgment should be entered for Hobbs.

DATED this ___18___ day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE